UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM G. SUTHERLAND,

         Plaintiff,         Case No. 2:13-cv-68

v.         Honorable Robert Holmes Bell

BADAWI ABDELLATIFF et al.

         Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The matter presently before the Court is Plaintiff's emergency motion for "Temporary Restraining Order and/or Preliminary Injunction" (docket #4). For the reasons that follow, the motion is denied.

**Background**

In his *pro se* amended complaint and his motion, Plaintiff describes all of his medical ailments. First, Plaintiff contends that he has a cracked jaw with only three bottom teeth and damaged gums that leaves him unable to chew and digest food. Plaintiff states that he ate his last meal on October 31, 2011. Apparently, a doctor fractured his jaw in 1990 while performing surgery on Plaintiff. Plaintiff learned of the fracture in 2008. Because Plaintiff is concerned that his jaw might move out of place, which causes him to gag and spit up in front of other prisoners, he requested a meal-in accommodation from Defendant Bostoski but was denied. (Am. Compl., docket #3, Page ID#46.)

Plaintiff also complains that Defendant Bostoski requires him to use a walker, which is allegedly destroying Plaintiff's right shoulder, straining his lower back and causing the palms of his hands to blister. In January 2001, Plaintiff tore his right rotator cuff in his shoulder and it was repaired by a surgeon. In March 2002, Plaintiff re-injured his shoulder by falling off a bridge. Plaintiff was then informed by multiple doctors that his right shoulder was inoperable and Plaintiff would eventually need a plastic shoulder. Plaintiff further alleges that the walker is straining "two ruptured discs" in his back that were diagnosed in 2004. (Mot., docket #4, Page ID#70.)

Moreover, Plaintiff argues that he has been denied nerve medication, which is causing him pain in his left leg and foot. Plaintiff finally states that a large ceiling fan in his cell is blowing cold air directly on him, causing pain and swelling in his left leg.

Plaintiff alleges that he is being denied medical care in violation of the Eighth Amendment. Plaintiff also states that Defendant Bostoski's "violent actions against me and [] any medical decisions he now makes will only be in retaliation." (Mot., Page ID#70.)

Plaintiff seeks preliminary injunctive relief in the form of placement in a facility where his medical needs will be met.

**Discussion**

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by

issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). In his motion and amended complaint, Plaintiff claims that Defendants violated his First and Eighth Amendment rights.

To prevail on his First Amendment retaliation claims, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.

*See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff alleges that Defendant Bostoski's "violent actions" and future medical decisions will be in retaliation for grievances that Plaintiff has filed. (Mot., Page ID#70; Am. Compl. docket #3, Page ID#41.) Plaintiff, however, has only made conclusory and speculative allegations about past events and future adverse actions that have not yet occurred. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."). As a result, Plaintiff fails to show a substantial likelihood of success on the merits for his First Amendment claims.

For Eighth Amendment medical claims, a prisoner's constitutional rights are violated when a prison official is deliberately indifferent to his or her serious medical needs. *Estelle v. Gamble*, 429 U.S. 102, 104-05 (1976). In his amended complaint and motion, Plaintiff essentially disagrees with Defendant's medical treatment for his back, jaw, shoulder and leg ailments. A prisoner's disagreement with the course of treatment prescribed by a medical doctor falls well short of establishing a likelihood of success on the merits of an Eighth Amendment claim. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (recognizing that where prisoner "has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and to constitutionalize claims which sound in state tort law"); *accord Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008). According to his amended complaint, Plaintiff has been seen by medical staff on several occasions. (Am. Compl. docket #3, Page ID##40, 41, 42, 44, 46, 47.) It is an open question whether Plaintiff will successfully prove that his pain and injuries are caused by Defendants' deliberate indifference or whether his complaint merely involves a difference of opinion on medical care for the treatment of

his injuries. Accordingly, Plaintiff fails to establish that he is likely to succeed on the merits of his Eighth Amendment claims.

In short, Plaintiff fails to establish that he is likely to succeed on the merits for his First and Eighth Amendment claims.

The remaining factors also do not strongly support the issuance of a preliminary injunction. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *See Overstreet*, 305 F.3d at 578.

For Plaintiff's First Amendment claims, Plaintiff's allegations are solely speculative that Defendant Bostoski retaliated against him in the past and will retaliate against Plaintiff in future medical decisions. To show irreparable injury, a plaintiff must allege "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The speculative nature of [plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled."). Accordingly, Plaintiff fails to state irreparable injury for his First Amendment claims.[1]

As for his Eighth Amendment claims, the Court acknowledges the possibility of irreparable harm resulting from continuing pain and/or the possible deterioration of Plaintiff's

---

[1] When a plaintiff has failed to show either a substantial likelihood of success on the merits or a threat of irreparable injury for a constitutional claim, the Court may decline to analyze the remaining factors. *See, e.g., Gonzalez v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."); *see also In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) (noting that the district court may decline to analyze all four factors where fewer factors are dispositive of the issue); *White v. Corr. Med. Serv.*, No. 1:08-cv-277, 2009 WL 529082, at *4 (W.D. Mich. Mar. 2, 2009).

ailments in the absence of treatment. However, the last two factors of the four factor balancing test do not weigh in Plaintiff's favor.

The last two factors, the interests of identifiable third parties and the public at large, weigh against the issuance of extraordinary relief. Discretion regarding prisoner medical care is vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. Prison officials and Plaintiff's medical providers are in a far better position to make medical treatment decisions than the Court. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover*, 855 F.2d at 286-87. That showing has not been made here. In summary, third party and public interests are not served by granting Plaintiff's motion for a preliminary injunction.

Accordingly, Plaintiff's motion for injunctive relief will be denied.

## Conclusion

For the foregoing reasons, the Court concludes that preliminary injunctive relief is not warranted. The Court therefore will deny Plaintiff's emergency motion for a temporary restraining order and/or preliminary injunction (docket #4). An Order consistent with this Opinion will issue.


Dated: June 27, 2013　　　　　　　　　　　　　/s/ Robert Holmes Bell  
　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL  
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE