UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM G. SUTHERLAND,

       Plaintiff,

                                        Case No. 2:13-CV-68

v.

                                        HON. ROBERT HOLMES BELL

BADAWI ABDELLATIFF, et al.,

       Defendants.

_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 4, 2014, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that recommend that the motions for summary judgment filed by Defendants Brand, Brostoski, Ball, Covert, Filuppa, Hodges, Konieczki, LaPlaunt, Lamb, Osborn, Swift, Thompson, Ward and Woods (ECF Nos. 37, 44) be granted and that this case be dismissed in its entirety. (R&R, ECF No. 81.) Plaintiff William G. Sutherland filed objections to the R&R on September 10, 2014. (ECF No. 86.) Defendants filed responses to Plaintiff's objections. (ECF Nos. 87, 88.) Plaintiff subsequently filed replies and motions to amend his reply, for physical examination, and for immediate consideration. (ECF Nos. 89, 91, 93, 95, 97, 98.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff concedes that summary judgment is appropriately entered for eleven of the defendants, but objects to the entry of summary judgment for Defendants Brand, Brostoski, and LaPlaunt. (Obj. 7, ECF No. 86.) Plaintiff objects to the entry of summary judgment in favor of Defendant Brand because Brand retaliated against him when she told him he did not have authorization for medical athletic shoes.

The only claims Plaintiff alleged against Defendant Brand in his amended complaint were based on deliberate indifference under the Eighth Amendment. The Magistrate Judge recommended that Defendant Brand be granted summary judgment on Plaintiff's Eighth Amendment claims. (R&R 21.) Plaintiff has not objected to this recommendation. Instead, Plaintiff has raised a claim based on retaliation. Absent compelling reasons, a party is not permitted to raise at the district court stage new arguments or issues that were not presented to the magistrate judge. 28 U.S.C. § 631 et seq.; *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). Plaintiff has not identified a compelling reason for raising a retaliation claim in his objections that was neither alleged in his complaint, nor presented to the magistrate judge. The Court concludes, therefore, that Plaintiff has waived his retaliation argument and overrules his objection based upon this ground.

Plaintiff objects to the entry of summary judgment in favor of Defendant Brostoski because Dr. Brostoski acted with deliberate indifference when he failed to take any action when tests revealed that Plaintiff's thyroid was not functioning properly.

Dr. Brostoski's failure to treat Plaintiff's thyroid condition is not among the factual or legal claims alleged against Dr. Brostoski in Plaintiff's amended complaint. (Am. Compl. ¶¶ 29-32, 36-38, 65-67, and pp. 17-18.)  Neither did Plaintiff raise the failure to treat his thyroid condition in his response to Dr. Brostoski's motion for summary judgment.  (ECF No. 58.) Plaintiff has not identified a compelling reason for raising an issue in his objections that was neither alleged in his complaint, nor presented to the magistrate judge.  The Court concludes, therefore, that Plaintiff has waived any claim based on Dr. Brostoski's alleged failure to treat his thyroid condition, and overrules Plaintiff's objection based upon this ground.  *See Murr*, 200 F.3d at 902.  To the extent Plaintiff is objecting to the entry of summary judgment in favor of Dr. Brostoski on the basis of his response to Plaintiff's complaints about his jaw, the objection is overruled because this claim was not exhausted. (R&R 9.)

Plaintiff objects to the entry of summary judgment in favor of Defendant LaPlaunt because LaPlaunt's removal of the footrests from Plaintiff's wheelchair was retaliatory and discriminatory.

The only claims Plaintiff alleged against Defendant LaPlaunt in his amended complaint were based on Eighth Amendment deliberate indifference, violation of the

Americans with Disabilities Act, medical malpractice, and negligence. (Am. Compl. pp. 18-19.) Plaintiff has not identified a compelling reason for raising a retaliation or discrimination claim in his objections that was neither alleged in his complaint, nor presented to the magistrate judge. Moreover, Plaintiff's objections do not persuade the Court to reject the R&R's finding that LaPlaunt did not act with deliberate indifference when she removed the footrests because a footrest was not medically indicated, and LaPlaunt removed the footrests pursuant to a policy that meets a penological goal. (R&R 21.)

Plaintiff has requested leave to amend his reply to Defendant LaPlaunt so that he can present newly discovered evidence to refute statements in LaPlaunt's response. Plaintiff's proposed evidence would not change the Court's analysis. Accordingly, Plaintiff's motion is denied as moot.

Plaintiff has filed a motion requesting an MRI and/or CT scan. The Magistrate Judge has cataloged the extensive medical treatment Plaintiff has received for his complaints in the R&R. (R&R 11-21.) It is not this Court's role to second guess medical judgments regarding what medical procedures are called for. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff's motion for physical examination is accordingly denied.

Finally, Plaintiff requests immediate consideration of his motion for physical examination due to excruciating pain. (ECF No. 98.) Because the Court has addressed the motion for physical examination, the motion for immediate consideration is denied as moot. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 86) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 4, 2014, R&R (ECF No. 81) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motions for summary judgment filed by Defendants Brand, Brostoski, Ball, Covert, Filuppa, Hodges, Konieczki, LaPlaunt, Lamb, Osborn, Swift, Thompson, Ward and Woods (ECF Nos. 37, 44) are **GRANTED** and that this case is **DISMISSED** in its entirety.[1]

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his reply (ECF No. 93) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for physical examination (ECF No. 95) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for immediate consideration (ECF No. 98) is **DENIED AS MOOT**.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.

Date:  February 9, 2015                             /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE

---

[1] Because Defendants Fears, Haynie, Howard, Jones and Wade were never served, they are not proper parties to this case.